UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER JACKSON,

v.  Case No. 8:88-cr-186-T-17EAJ

UNITED STATES OF AMERICA.

---

ORDER

This cause is before the Court on Defendant Walter Jackson's "Application for Relief from Judgment or Order, Pursuant to Federal Rule of Civil Procedure 60(b)(6), in his Original 28 U.S.C. § 2255 Motion" (Doc. No. 406).

Jackson has previously filed two 28 U.S.C. § 2255 motions to vacate his sentence. (Case Nos. 8:93-cv-875-T-17EAJ and 8:00-cv-1068-T-17EAJ). Both were denied.

In the present Rule 60(b) motion, Jackson seeks to have this Court reopen his 1993 motion to vacate and grant relief on his claims in that motion. In essence, Jackson is advancing the substantive claims he raised in the 1993 motion to vacate.

In Gonzalez v. Crosby, 125 S.Ct. 2641 (2005), the United States Supreme Court held that a Rule 60 (b) motion for relief from judgment seeking to advance one or more substantive claims qualifies as a second or successive habeas corpus petition. Gonzalez also applies to motions to vacate. See United States v. Terrell, 2005 WL 1672122, (11th Cir., July 19, 2005).

Pursuant to 28 U.S.C. § § 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file

a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996).

Defendant has not fulfilled the requirements of the statutes as set out above.

Accordingly, the Court orders:

That Defendant's "Application for Relief from Judgment or Order, Pursuant to Federal Rule of Civil Procedure 60(b)(6), in his Original 28 U.S.C. § 2255 Motion" (Doc. No. 406) is denied. The Clerk is directed to send Defendant the Eleventh Circuit's application form for second or successive motions to vacate under 28 U.S.C. § 2244(b).

ORDERED at Tampa, Florida, on FEBRUARY 24th, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA
Walter Jackson

2